**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathryn Lucille Ford,<br><br>         Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>         Defendant. | No. CV-20-00276-TUC-JCH (LAB)<br><br>**ORDER** |

Plaintiff Katheryn Lucille Ford ("Plaintiff" or "Ford") filed this action for review of the final decision of the Commissioner of Social Security pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). (Doc. 1.) This matter was referred to United States Magistrate Judge Leslie A. Bowman for Report and Recommendation ("R & R"). (Doc. 13.) On October 25, 2021, Magistrate Judge Bowman issued her R & R finding that the ALJ committed legal error and recommending that this Court reverse the final decision of the Commissioner and remand for the immediate calculation and payment of benefits. (Doc. 38 at 12-13.) The Commissioner objects to Judge Bowman's recommendation that this matter be remanded for the immediate calculation and payment of benefits. (Doc. 39 at 2 & n.4.) Plaintiff filed her response. (Doc. 40.) As explained below, the Court **overrules** the Commissioner's objection and **adopts in full** the R & R.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

Ford alleges disability beginning on April 23, 2016 due to "heart attack, stent placed; COPD [chronic obstructive pulmonary disease]; arthritis in spine; sleep apnea;

depression; [and] degenerative disc [disease]." (Doc. 38 at 1-2.) In early 2016, she experienced progressively worsening coronary artery disease. *Id.* at 2. In March 2016 she had a heart attack. *Id.* As a result, a stent was placed in her left anterior artery and she never returned to work. *Id.* Ford suffers from continuing pain in her chest and arm, bilateral leg pain and claudication,[1] which worsens with walking 100 feet. *Id.*

Ford's treating physicians, Abhay Rao, M.D. and Shantha Kumar, M.D., submitted medical source statements on her behalf in August 2017, March 2018, and February 2019. (Doc. 21-3 at 24.) Both Drs. Rao and Kumar opined that as a result of her impairments, Ford is limited to a sedentary exertional level and would be expected to miss work at least two days per month. *Id.* (citing Doc. 21-11 at 32-33; Doc. 21-12 at 24-25, 96-97). Regarding absenteeism, the vocational expert ("VE") testified at the administrative hearing in this matter that unskilled and semiskilled jobs allow for a maximum of one day per month, and absenteeism greater than that would result in termination. (Doc. 21-3 at 60.)

On April 16, 2019, the ALJ issued her non-disability determination. (Doc. 21-3 at 14-26.) Ford requested review before the Appeals Council, which was denied on April 28, 2020 thereby making the ALJ's decision the final decision of the Commissioner. *Id.* at 2-6. Thereafter, Ford timely filed the instant action. (Doc. 1.)

After a full briefing of the issues raised, Judge Bowman issued her R & R finding that the ALJ committed legal error by improperly discounting the opinions of Plaintiff's treating physicians, Drs. Rao and Kumar. (Doc. 38 at 8-12.) The Commissioner does not object to this finding. *See* Doc. 39 at 2 & 4, n.4 (limiting objection to the remedy portion of the R & R). After finding that the ALJ committed legal error, Judge Bowman determined:

> If the Commissioner is reversed, the court usually remands for further administrative proceedings. The court may, however, remand for payment of benefits if "(1) the record has been fully developed and

---

[1] A condition in which cramping pain in the leg is induced by exercise, typically caused by obstruction of the arteries. *See* https://www.mayoclinic.org/diseases-conditions/claudication/symptoms-causes/syc-20370952, last visited December 15, 2021.

> further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).
>
> Here, all three requirements are fulfilled. "The record has been fully developed and further administrative proceedings would serve no useful purpose." *Garrison*, 759 F.3d at 1020. As the Ninth Circuit observed in *Garrison*, "our precedent and the objectives of the credit-as-true rule foreclose the argument that a remand for the purpose of allowing the ALJ to have a mulligan qualifies as a remand for a 'useful purpose' under the first part of credit-as-true analysis." *Garrison v. Colvin*, 759 F.3d 995, 1021-1022 (9th Cir. 2014).
>
> The ALJ failed to provide specific and legitimate reasons for discounting the opinions of Ford's treating physicians. Furthermore, if their opinions were credited as true, Ford necessarily would be found disabled. The vocational expert opined that a person with the functional limitations identified by the treating physicians would not be able to work.
>
> All three parts of the *Garrison* test are fulfilled. The court has examined the entire record and finds no reason to seriously doubt that Ford is disabled. *See Garrison*, 759 F.3d at 1022-23. Accordingly, this case will be remanded for payment of benefits. *See also Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication"); *Smith v. Colvin*, 554 F. App'x 568, 569 (9th Cir. 2014) (remanding for payment of benefits because the Commissioner "did not meet her burden at step five of demonstrating that substantial gainful work exists in the national economy").

(Doc. 38 at 12-13.)

The Commissioner objects to Judge Bowman's finding that based on the record as a whole there is no serious doubt that Ford is disabled. *See* Doc. 39 at 3-4. The Commissioner argues that Judge Bowman failed to conduct an analysis on the credit-as-true rule's requirement that there be no serious doubt that the claimant is disabled. *Id*. at 3. The Commissioner contends that the record contains "ample evidence supporting that

Plaintiff's disability is in serious doubt," citing to evidence in the record that the ALJ used to support her non-disability determination. (Doc. 39 at 4-7.)

Ford responds that while the Commissioner argues for a remand for further administrative proceedings, the Commissioner "gives no idea what this Court should order as to outstanding issues that an ALJ should resolve on remand, other than arguing that the ALJ was correct in the first place." (Doc. 40 at 3-4.) She urges that a remand in these circumstances—where remand would amount to a mulligan for the Commissioner—is inappropriate under *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014). *Id.* at 4. Plaintiff points out that in *Treichler v. Comm'r of Soc. Sec. Admin.,* 775 F.3d 1090, 1105 (9th Cir. 2014), the United States Court of Appeals for the Ninth Circuit held that remand to the agency is only appropriate in circumstances where the record raised "crucial questions" as to the extent of a claimant's impairment, or where there is "significant factual conflicts" in the record between a claimant's testimony and the objective medical evidence. *Id.* at 5. Plaintiff insists that here, as evidenced by Judge Bowman's explicit findings that "[a]ll three parts of the *Garrison* test are fulfilled" and that that is "no reason to seriously doubt that Ford is disabled[,]" the requirements of the credit-as-true rule have been met. *Id.*

## II.   STANDARD OF REVIEW

The Court reviews de novo any objected-to portions of the R & R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error any unobjected-to portions of the R & R. *Id. See also, Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

## III.   ANALYSIS

### a.   The Credit-As-True Rule

"The decision whether to remand a case for additional evidence, or simply award benefits[,] is within the discretion of the court." *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017 (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (remanding for determination of benefits where panel was 'convinced that substantial evidence does not

support the Secretary's decision, and because no legitimate reasons were advanced to justify disregard of the treating physician's opinion")). "[I]f additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded for further proceedings." *Revels*, 874 F.3d at 668 (quoting *Garrison*, 759 F.3d at 1019) (quoting *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981)). "Generally however, where '(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand,' [the Court] remand[s] for an award of benefits." *Revels*, 874 F.3d at 668 (quoting *Garrison*, 759 F.3d at 1020). The failure to remand for an award of benefits where the credit-as-true requirements are met is an abuse of discretion. *See Garrison*, 750 F.3d at 1018 (finding district court abused its discretion when it remanded the case to the ALJ for further proceedings instead of remanding to the ALJ for the calculation and award of benefits). In the Ninth Circuit, even where all the conditions for the credit-as-true rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021.

### b. The Credit-As-True Rule Applies Here

#### i. The Record is Fully Developed

Judge Bowman found that the record is fully developed. (Doc. 38 at 12.) The Commissioner does not argue that the record is insufficiently developed. *See* Doc. 39 at 7 (admitting that all the credit-as-true elements are satisfied but urging that the record here does not support a finding of disability). This Court finds that the record contains medical opinions, sufficient medial evidence, testimony from Ford, and VE testimony and is thus fully developed.

#### ii. The ALJ Gave Legally Insufficient Reasons for Rejecting Treating Physician Opinions

Judge Bowman found that the ALJ gave legally insufficient reasons for assigning reduced weight to the opinions of treating physicians, Drs. Rao and Kumar. (Doc. 38 at 8-12.) As mentioned above, the Commissioner does not object to Judge Bowman's finding that the ALJ committed legal error in assigning reduced weight to the opinions of these treating physicians. *See* Doc. 39. The Court finds the ALJ gave legally insufficient reasons for rejecting the opinions of Ford's treating physicians, Drs. Rao and Shantha.

### iii. Crediting as True the Treating Physician Testimony Results in a Finding that Ford is Disabled

Judge Bowman found that crediting as true the opinions of Drs. Rao and Kumar would result in a disability determination. *See* Doc. 38 at 13 ("Furthermore, if their opinions were credited as true, Ford necessarily would be found disabled. The VE opined that a person with the functional limitations identified by the treating physicians would not be able to work."). Again, the Commissioner does not dispute this finding. *See* Doc. 39. The Court finds that crediting as true the opinions of the treating physicians results in a determination that Ford is disabled.

### iv. There is No Serious Doubt that Ford is Disabled

Judge Bowman set forth that she "examined the entire record and finds no reason to seriously doubt that Ford is disabled." (Doc. 38 at 13.) As mentioned above, the Commissioner argues that this finding is erroneous. (Doc. 39 at 4.) As explained below, after considering the Commissioner's arguments and conducting an independent review of the record, this Court does not find any material evidence that creates serious doubt that Ford is disabled.

The Commissioner argues that the record "is replete with evidence showing serious doubt that Plaintiff is entitled to disability benefits." (Doc. 39 at 7.) In support of her argument, the Commissioner re-urges her arguments below that the ALJ properly determined that Ford was not disabled on the grounds that the medical evidence did not align with her claim. *See* Doc. 39 at 4-5, citing Administrative Record ("AR") at 20-22 (the ALJ's non-disability determination). However, as pointed out by Ford, if the Court were

to remand on this basis, the remand would improperly allow the Commissioner the opportunity to argue for a second time that the ALJ's decision was correct. Remand on this basis improperly affords the Commissioner the opportunity to redo what has already been unsuccessfully argued. *See Garrison*, 759 F.3d at 1021 (The Ninth Circuit's "precedent and the objective of the credit-as-true rule foreclose the argument that a remand for the purpose of allowing the ALJ to have a mulligan qualifies as a remand for a 'useful purpose[.]'").

The Commissioner also argues that Judge Bowman "repeatedly found reversible error because the ALJ did not properly explain herself" and "[a] lack of explanation is the kind of error that warrants further consideration, not a default judgment of disability." (Doc. 39 at 6.) As explained above, however, if the Court were to remand so that the ALJ could supplement her explanation for her non-disability determination it would be affording the Commissioner another opportunity to establish Ford's disability. The Commissioner, "having lost this appeal, should not have another opportunity…any more than [Plaintiff], had [she] lost, should have an opportunity for remand and further proceedings to establish [disability]." *Coreless v. Commissioner*, 260 F. Supp. 3d 1172, 1180 (D. Ariz. 2017) (quoting *Moise v. Barnhart*, 367 F.36d 882, 887 (9th Cir. 2004)).

The Commissioner also argues that because the ALJ properly considered the conflicting opinions of the non-examining state agency consultants that determined Plaintiff could perform light work with some restrictions remand for further proceedings is appropriate. (Doc. 39 at 6.) As explained below, this Court disagrees.

As laid out by Judge Bowman, as a result of Drs. Rao and Kumar's treating relationship with Ford, the ALJ was required to set forth "specific and legitimate reasons supported by substantial evidence in the record" in order to reject their opinions. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). As the Commissioner concedes, the ALJ improperly discounted the opinions of Ford's treating physicians. As pointed out by Ford, the agency regulation that applies to her claims[2] provides that the agency gives more weight

---

[2] (that were filed before March 27, 2017)

to medical opinions from treating sources "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical reports of individual examinations, such as consultative examinations or brief hospitalizations." *See* Doc. 40 at 2, n.2 (quoting 20 C.F.R. § 404.1527(c)(2) (2017)). Accordingly, even though the ALJ may not have erred in considering the opinions of the state agency consultants, the ALJ gave *improper* weight to the opinions of Ford's treating physicians. As Judge Bowman's found (and is not disputed by the Commissioner), the VE testified that a person with the functional limitations identified by Ford's treating physicians is unable to work. Thus, the Court finds that crediting as true the opinions of Drs. Rao and Kumar results in a finding that Ford is disabled.

Numerous cases in similar circumstances are in accord with such a finding. *See e.g., Rawa v. Colvin*, 672 Fed. App'x. 664, 669 (9th Cir. 2016) (Applying the credit-as-true rule where "in light of the extensive medical record, the ALJ's error of law, the VE's testimony at the hearing, and the lack of any reason to doubt Rawa's credibility, we conclude that it would be contrary to both controlling case law and the purposes of the Social Security Act to conduct further proceedings and to cause further delay."); *Trevizo v. Berryhill*, 871 F.3d 664, 683 (9th Cir. 2017) (Applying credit-as-true rule where the treating physician's opinion was developed and substantiated by his long-term treatment relationship with the claimant and the VE specifically opined regarding the inability of an individual with the claimant's physical and intellectual limitation as described by the treating physician to sustain work.); *Roberts v. Acting Commr. of the Soc. Sec. Admin*., 298 F. Supp. 3d 1232, 1241(D. Ariz. 2017) (Applying credit-as-true rule where "Dr. Papke opined that Plaintiff would be off task greater than 21% of an 8-hour workday[…] [a]t the administrative hearing, the VE testified that Plaintiff could be off task '[o]nly about 10 percent' of a workday in order to maintain employment."); *Revels*, 874 F.3d at 669 (Applying credit-as-true rule where "[t]he ALJ failed to provide legally sufficient reasons for rejecting the medical opinions of Revels' treating rheumatologist and for rejecting Revels' testimony

about her symptoms…If credited as true, Dr. Nolan's opinion establishes that Revels is disabled because the VE testified that someone with the limitations established by Dr. Nolan could not work."); *Valentine v. Commr. of Soc. Sec. Admin.*, 19-cv-05127-PHX-JAT, 2020 WL 7022239, at *6 (D. Ariz. Nov. 30, 2020) (Applying credit-as-true rule where, "Defendant acknowledges that the ALJ erred in disregarding evidence from the treating physicians…" and finding that "[w]hen all evidence in the [r]ecord is properly credited, the Court sees no significant conflicts or ambiguities that are left for the ALJ to resolve and finds that there is no uncertainty that Plaintiff's severe mental impairment precludes her from all work.").

This case stands in contrast to cases where the credit-as-true rule was found not to apply because the record required further development either by way of additional VE testimony, consideration of evidence not discussed by the ALJ, or the reconciliation of conflicting medical opinions of examining physicians. *See e.g.*, *Hammock v. Bowen*, 879 F.2d 498, 504 (9th Cir. 1989) (declining to apply credit-as-true rule where there was no VE testimony regarding the claimant's ability to perform other work and finding such testimony necessary because the treating physician stated that the claimant could undertake sedentary activities); *Salazar v. Commr. of Soc. Sec. Admin.*, No. CV-19-00075-TUC-MSA, 2020 WL 2467334, at *6 (D. Ariz. May 12, 2020) (declining to apply credit-as-true rule where VE testimony was needed on the claimant's ability to perform work that existed in the national economy in light of the claimant's "educational characteristics"); *Dominguez v. Colvin*, 808 F.3d 403, 408-09 (9th Cir. 2015) (declining to apply credit-as-true rule where treating physician's opinion conflicted both with his treatment notes as well as with the opinion of a separate examining physician); *Burrell v. Colvin*, 775 F.3d 1133, 1142 (9th Cir. 2014) (declining to apply credit-as-true rule where evidence not discussed by the ALJ suggested that claimant may not be credible).

Here, as discussed above, the ALJ committed legal error in assigning reduced weight to the opinions of Ford's treating physicians. The VE expert testified that a person with the limitations identified by Ford's treating physicians would be unable to maintain

employment. Crediting as true the opinions of Ford's treating physicians results in a determination that Ford is unable to maintain employment. The Commissioner fails to identify any evidence that the ALJ overlooked that should be considered in a remand. Instead the Commissioner urges that the ALJ's decision was correct for the reasons expressed in the ALJ's non-disability determination. The Court finds that remand on this basis is improper.

## IV.   CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED OVERRULING** the Commissioner's Objection to Report and Recommendation (Doc. 39).

**IT IS FURTHER ORDERED ADOPTING IN FULL** the Report and Recommendation (Doc. 38), **REVERSING** the decision of the Commissioner and **REMANDING** this matter to the Commissioner for the immediate calculation and award of benefits.

**IT IS FURTHER ORDERED DIRECTING** the Clerk of the Court to enter judgment accordingly and close this case.

Dated this 6th day of January, 2022.

_____
Honorable John C. Hinderaker
United States District Judge